■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SPADACCINI and AARON F., Appellants.—Weiss, J.

Following a nonjury trial, defendants were convicted of endangering the welfare of a child in violation of Penal Law § 260.10 (1). Although several issues have been raised on appeal, the determinative question is whether the trial evidence, which was essentially circumstantial, was sufficient to support the convictions.

The indictments* emanate from an incident that occurred at the trailer home of defendant Charles Spadaccini on June 18, 1984, during which a 2½-year-old child, called DJ, ostensibly engaged in oral sexual contact with the household dog. The People's case rested essentially on the testimony of three witnesses, Anne, Lynn and Robert Spadaccini, the sisters and brother of defendant Spadaccini (hereinafter Spadaccini).

* Defendants were both charged in one indictment with use of a child in a sexual performance in violation of Penal Law § 263.05 and endangering the welfare of a child. Defendant Aaron F. was also charged in a separate indictment with coercion in the first degree in violation of Penal Law § 135.65 (1). Both the coercion and sexual performance charges were dismissed at trial.

Anne, 18 years of age, testified that she was baby-sitting her cousin DJ on the afternoon in question. After the child awoke from a nap, Anne sat him at the kitchen table with a bowl of cereal and went into the bathroom to get dressed. Thereafter, DJ stated that he "was done" and was going to sit in the living room. While still in the bathroom, Anne heard defendants enter the trailer. She heard defendant Aaron F. (hereinafter Aaron) speak to DJ, but even though the prosecutor attempted to refresh her recollection with the Grand Jury minutes, she was unable to recall the exact statement. She then heard Spadaccini yell to her to take care of the baby, and when she arrived in the living room, Aaron stated that DJ had engaged the dog in sexual contact. Anne indicated that she did not see anything on the child's face, and that whatever was on his shirt "could have been anything". At this point, 11-year-old Lynn cleaned DJ off. Lynn testified that she was in the bathroom with Anne when defendants entered the trailer. She heard Aaron speak and went to the living room to find DJ on the floor crying. After the prosecutor refreshed her recollection utilizing the Grand Jury minutes, Lynn testified that Aaron had said either "get down and [engage the dog in sexual contact]" or "do not [engage the dog in sexual contact]", followed by the warning "or I'll kick your head in". Aaron also told Lynn to clean DJ, and in so doing, she found a colorless substance on his shirt. Robert, who was 16 years old, testified that shortly after he observed defendants enter the trailer, he heard yelling. When he went inside, defendants both indicated that DJ had just engaged in sexual contact with the dog. The defense produced two witnesses, grandparents to both Spadaccini and DJ, who each testified to having observed DJ fondle a household dog on prior occasions. Based on the foregoing, County Court found defendants guilty of endangering the child's welfare, principally for failing to prevent him from touching the dog.

Even viewing this evidence in a light most favorable to the prosecution (see, People v Reed, 64 NY2d 1144, 1146), we are persuaded that defendants' guilt was not proven beyond a reasonable doubt. The crime of endangering the welfare of a child consists of knowingly acting in a manner likely to be injurious to his physical, mental or moral welfare (Penal Law § 260.10 [1]). Defendants do not dispute that the conduct described would be seriously detrimental to the child, but maintain that the trial evidence failed to demonstrate any connection between their conduct, or failure to act, and the child's behavior. The contention is well founded. A careful

review of the testimony confirms that there is virtually no evidence of any active inducement on defendants' part in prompting the child. Significantly, none of the witnesses actually observed the incident in question. The only relevant testimony in this regard was Lynn's description of Aaron's statement to DJ. This testimony, however, was clearly equivocal and must be considered of minimal value (see, *People v Stewart,* 40 NY2d 692, 699). Consequently, the record fails to demonstrate any affirmative act of inducement on defendants' part.

County Court essentially recognized this evidentiary deficiency since defendants were convicted not for an affirmative act but for their failure to prevent the child's sexual conduct. Under appropriate circumstances, an omission to act may give rise to criminal liability (see, Penal Law § 15.00 [3], [5]; see, e.g., *People v Northrup,* 83 AD2d 737). Liability, however, is conditioned on the existence of a legal duty flowing from the accused to the victim (see, *People v Lilly,* 71 AD2d 393, 402 [Simons, J., dissenting]). There is nothing in this record to indicate that either defendant had assumed any parental duties of supervision over the child (see, supra, at p 394). Even were we to discern a legal obligation on Spadaccini's part, inasmuch as the child was his cousin, the record fails to demonstrate that either defendant was present when DJ initiated the sexual contact. While defendants may have observed the child touch the dog, the record also fails to indicate whether they had the opportunity to prevent the child from so acting. Moreover, as the defense witnesses stated, the child had initiated similar contact with a dog on prior occasions. These circumstances prevailing, we cannot say that the evidence excludes to a moral certainty every other hypothesis but guilt (see, *People v Giuliano,* 65 NY2d 766, 767-768). On the record before us, one can only speculate whether defendants knowingly induced the child to touch the dog or failed to prevent the child from doing so. Accordingly, we conclude that the convictions cannot stand and that the indictments must be dismissed. Having so held, we need not reach defendants' remaining contentions.

Finally, we direct a copy of this decision be sent to the Columbia County Commissioner of Social Services and that this record be made available to him in order that the environment in which the infant DJ lives and the degree of supervision of the child may be thoroughly investigated.

Judgments reversed, on the law, and indictments dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.