■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER MYERS, Respondent. [608 NYS2d 544] —Yesawich Jr., J. Appeal from an order of the County Court of Ulster County (Vogt, J.), entered May 28, 1993, which granted defendant's motion to dismiss the indictment.

On the morning of August 13, 1992, 17-year-old Cindy Manon found her two-month-old son, Kenneth, dead in his crib; an autopsy revealed the cause of death to be severe dehydration and malnutrition. As a result, the matter was brought before a Grand Jury which, after hearing the testi-

mony of Manon's neighbors and friends, as well as that of the child's doctors, social service providers and law enforcement officers, indicted both Manon and defendant, her boyfriend, on charges of manslaughter in the second degree and endangering the welfare of a child.

County Court granted defendant's motion to dismiss the indictment, reasoning that the evidence before the Grand Jury was insufficient to support a finding that defendant stood in loco parentis to Kenneth, and therefore that defendant's failure to care for the child could not furnish the basis for criminal liability. The People appeal.

We affirm. The People seek to prove that defendant failed to provide adequate food, care and medical assistance for the child. Criminal liability cannot be premised on a failure to act, however, unless the party so charged has a legal duty to act (see, People v Spadaccini, 124 AD2d 859, 861). A person who has no familial relationship to a child ordinarily has no legal duty to provide for it, unless it can be shown that he or she has assumed all of the responsibilities incident to parenthood. That a party has taken some part in meeting the child's daily needs is not enough; a "full and complete * * * interest in the well-being and general welfare" of the child is necessary, as is the intent to fully assume a parental role, with the concommitant obligations to support, educate, and care for the child on an ongoing basis (Rutkowski v Wasko, 286 App Div 327, 331).

County Court rightly found that the evidence presented to the Grand Jury fell far short of the showing necessary to support a conclusion that defendant stood in loco parentis to Kenneth. The People proffered testimony to the effect that defendant lived with Manon, Kenneth and her two other children, contributed $105 per month toward the household expenses, and had been included in the household as reported for food stamp purposes. These factors indicate only that defendant was a contributing member of the household for financial purposes, not that he had assumed responsibility for, or control over, the children (see, People v Lilly, 71 AD2d 393, 394). The fact that defendant telephoned the Department of Social Services on the day of Kenneth's birth to add the child to Manon's public assistance allotment, and that he occasionally purchased formula for the child and acted as a babysitter, without more, does not support an inference that he intended to shoulder any responsibility for the child's welfare (see, supra, at 394-395); these actions are equally consistent with an intention to assist his girlfriend in carrying out her duties.

Most importantly, no evidence was presented that defendant, who did not characterize himself as the children's father—nor could he, for the latter is alive and apparently exercised his visitation rights—but only as Manon's boyfriend, considered the children to be his responsibility or acted in such a way as to demonstrate that he entertained such an attitude *(see, Rutkowski v Wasko, supra,* at 331).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed.