OPINION OF THE COURT
Diane Kiesel, J.
The defendant, Alfred Watson, is charged in a criminal court information with endangering the welfare of a child in violation of Penal Law § 260.10 (1). It is alleged that the defendant left a seven-year-old child alone in a locked apartment for approximately 2V2 hours. The defendant now moves this court for an order (1) dismissing the information as facially insufficient or (2) dismissing the information in the interest of justice or (3) dismissing the information on the ground he has been denied his right to a speedy trial, (4) directing the People to provide a bill of particulars and discovery, and (5) granting hearings for the purpose of determining whether to suppress statements he allegedly made to law enforcement officers and to suppress evidence recovered from him.
FACIAL INSUFFICIENCY
An accusatory instrument upon which the defendant may be held for trial “must allege ‘facts of an evidentiary character’ (CPL 100.15 [3]) demonstrating ‘reasonable cause’ to believe the defendant committed the crime charged (CPL 100.40 [4] Ob]).” (People v Dumas, 68 NY2d 729, 731 [1986].) Further, a valid criminal court information must contain nonhearsay factual allegations which, if true, “establish * * * every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c].) This is a nonwaivable jurisdictional requirement. (People v Case, 42 NY2d 98, 99 [1977].)
The accusatory instrument was converted to an information by the filing and serving of a corroborating affidavit signed by the complaining witness, a seven-year-old child, and a voir dire conducted by the prosecutor with the same child. It states that on or about January 20, 1999, at approximately 6:30 p.m. in Bronx County:
“[the child complainant] was left alone in a locked apartment by defendant for approximately two and one-half hours, from 4:00 p.m. until deponent [a police officer] arrived at the apartment at approximately 6:30 p.m.
“Deponent states that defendant stated in sum and substance: I LEFT HER ALONE AT ABOUT FOUR O’CLOCK; I THOUGHT HER BROTHER WOULD BE THERE.
*646 “Deponent is informed by informant [the child] that informant was scared while alone in the apartment.”
Endangering the welfare of a child occurs when a person “knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.” (Penal Law § 260.10 [1].) No injury or actual harm need result from the accused’s actions for criminal liability to be imposed. (People v Simmons, 92 NY2d 829 [1998]; People v Cenat, 176 Misc 2d 39, 42-43 [Crim Ct, Kings County 1997]; People v Cruz, 152 Misc 2d 436 [Crim Ct, NY County 1991].)
The defendant asserts he cannot be held criminally liable for allegedly leaving the complainant child home alone because he had no parental duty to the child. Instead, the defendant argues that he merely agreed to provide transportation to and from school for the child and, therefore, had no other responsibilities to her. Further, the defendant contends the information is factually incorrect because, according to his version of events, the child was left unsupervised for only 16 minutes.
The defendant’s argument falls short of its intended mark for several reasons. First, the defendant is not charged with subdivision (2) of the child endangering statute, which specifically requires a parental, custodial or legally recognizable relationship between a defendant and a child complainant. (See, Penal Law § 260.10 [2].) Subdivision (1) requires no such relationship. (See, Penal Law § 260.10 [1].) Therefore, under the subdivision with which the defendant is charged, his argument is valid only if leaving a child home alone is considered an act of omission, rather than an affirmative act.
In essence, what the defendant asserts is that the endangering charge is based on his alleged failure to exercise proper supervision over the complainant by leaving her home alone. Failure to act may give rise to criminal liability if a defendant has a legal duty to his victim. (Penal Law § 15.00 [3]; People v Lilly, 71 AD2d 393 [4th Dept 1979].) Courts have determined a duty of care extends from biological parent to child (Matter of Lynn, NYLJ, Sept. 2, 1999, at 34, col 3 [Sur Ct, Westchester County]), stepparent to child (People v Carroll, 93 NY2d 564 [1999]), and paid daycare worker to child (People v Wong, 81 NY2d 600 [1993]).
The defendant asserts no such duty existed between himself and the complainant because he is unrelated to the child and had agreed to do no more than transport her from school. “Defendant had agreed to provide transportation for the complainant to and from her school and specifically advised the parent *647 charged with the legal care and custody of the complainant. In effect, his duty and responsibilities were that of a school bus driver.” (Defendant’s motion, at 3.)
This court is of the opinion, however, that leaving a child alone is an act, not an omission. Therefore, no duty need exist on the part of the actor to the victim to impose criminal liability for behavior that rises to the level of endangering. In cases where courts have required some relationship or duty on the part of the defendant towards the complainant to sustain a charge of endangering under Penal Law § 260.10 (1), the behavior at issue constituted acts of omission. Thus, in People v Goddard (206 AD2d 653, 655 [3d Dept 1994]), the Court found no criminal liability where a “casual babysitter” was unaware a chronically ill child had not received his medication and was suffering from dehydration, and thus failed to adequately care for him. Similarly, in People v Myers (201 AD2d 855, 856 [3d Dept 1994]), the Court held that absent assuming “all of the responsibilities incident to parenthood” a defendant could not be found criminally liable under Penal Law § 260.10 (1) for failure to provide adequate food, medical care or assistance for a child who ultimately died.
In a subsequent civil action for false arrest brought by the Myers defendant (the boyfriend of the deceased child’s mother) following the dismissal of the criminal charges against him, Myers asserted the police knew he was not the child’s natural father. Therefore, he argued, they could not have assumed he was acting in loco parentis and was in any way responsible for the neglect that led to the child’s death. (Myers v State of New York, 175 Misc 2d 90 [Ct Cl 1997].) Accordingly, he contended there was no probable cause for his arrest. (Supra.)
The Court of Claims, in addressing that argument under Penal Law § 260.10 (1), disagreed. Because the death resulted from acts of omission, the court looked beyond the mere fact of biological fatherhood to outward indicia of a duty from Myers to the child. It determined that such duty existed because, inter alla, Myers lived with the mother and the child as a family and contributed financially to the household. Accordingly, the court held that sufficient probable cause existed to support Myers’ arrest. (Myers v State of New York, 175 Misc 2d, supra, at 96-97.) And, in further addressing the duty argument, the court noted, in dicta, that signs of affirmative physical abuse were also observed on the child which provided further probable cause for arrest even in the absence of any parental duty *648 on the part of Myers. “[T]he arresting officers had information indicating that the deceased child had also been physically injured * * * No explanation of these injuries was provided either by the mother or by claimant. Certainly, reasonable cause is heightened by these facts * * * If these injuries were caused by claimant, it follows that in loco parentis would not be a necessary element in establishing the crime of child abuse (see, People v Stanley, 135 AJD2d 910, 911; Penal Law § 260.10 [1]).” (Myers v State of New York, 175 Misc 2d, at 96.)
The allegation here is that a young child was left home alone. The extent to which such conduct is covered by the endangering statute has been the subject of considerable discussion by the criminal courts. (See, People v Cenat, 176 Misc 2d 39, supra, and discussion therein.) Some courts have been reluctant to impose liability when a young child is left alone for a brief time, disparaging the conduct as “bad parenting,” but stopping short of finding it criminal. (See, People v Seward, 173 Misc 2d 1020, 1021 [Mt. Vernon City Ct 1997].) Despite the divergence in judicial views on the matter this court reasonably can imagine a wide range of dangers that might befall a scared, seven-year-old child left unattended for 2V2 hours. Accordingly, the information here is legally sufficient.
Although this information is legally sufficient, it is not inconceivable that a trier of fact might be unwilling to find the defendant criminally responsible for leaving a child unsupervised in a seemingly safe home for this period of time. But the defendant’s assertions that he thought the complainant’s brother would be there, or that he left the child alone a mere 16 minutes rather than 2V2 hours, are factual assertions that are best left for trial. They are not relevant in a legal sufficiency motion. (People v Mantley, NYLJ, June 2, 1994, at 30, col 4 [Crim Ct, Richmond County].) Accordingly, the defendant’s motion to dismiss for facial insufficiency is denied.
SPEEDY TRIAL
Turning then to the defendant’s contention that his right to a speedy trial has been violated, it is without dispute that the People must answer ready for trial within the time prescribed by CPL 30.30 (1), which runs from the commencement of the criminal action. This commencement refers to the filing of the first accusatory instrument (see, CPL 1.20 [17]; People v Lomax, 50 NY2d 351 [1980]).
Here, the action commenced for speedy trial purposes on January 21, 1999, when the defendant was arraigned. As the *649 charge faced by the defendant carries the potential of imprisonment of more than three months, the People have 90 chargeable days within which to communicate their readiness for trial under CPL 30.30 (1) (b).
The court will address each adjournment from the commencement of the action on January 21, 1999 through July 7, 1999, the last adjournment period challenged by the defense. (See, People v Vidal, 180 AD2d 447, 449 [1st Dept 1992], lv denied 80 NY2d 839 [1992]; People v Cepeda, NYLJ, May 21, 1997, at 25, col 1 [App Term, 1st Dept].)
January 21, 1999 through February 2, 1999
As indicated above, the defendant appeared at the arraignment on January 21, 1999. The matter was adjourned to February 2, 1999 for the People to provide a corroborating affidavit signed by the child, and a voir dire of the child. The People concede that this 12-day period is chargeable to them.
February 2, 1999 through March 2, 1999
The People were not ready on February 2, 1999, and requested a two-week adjournment in order to file the voir dire. The matter was adjourned to March 2, 1999. The People are charged “with the time beyond the date to which they had requested an adjournment, absent defense counsel’s express consent or the People’s statement of readiness.” (People v David, 253 AD2d 642, 644 [1st Dept 1998].) The People concede that 28 days are chargeable to them for this adjournment period.
March 2, 1999 through April 29, 1999
On March 2, 1999, the voir dire was filed and served, the accusatory instrument was deemed an information, and the People declared their readiness for trial. A motion schedule was set requiring the defendant to file any motions by April 5, 1999. The matter was adjourned to April 29, 1999 for the People’s response and for the decision of the court. Discovery was to be provided by March 15, 1999. The period is not chargeable to the People pursuant to CPL 30.30 (4) (a).
April 29, 1999 through May 14, 1999
The matter was adjourned from April 29, 1999 to May 14, 1999 for a Huntley hearing and for discovery. The period is not chargeable to the People as they are entitled to a reasonable time to prepare for the hearing. (People v David, supra, at 645; *650 People ex rel. Mayfield v McGrane, 234 AD2d 88, 89 [1st Dept 1996], lv denied 89 NY2d 814 [1997]; People v Green, 90 AD2d 705 [1st Dept 1982], lv denied 58 NY2d 784 [1982].)
May 14, 1999 through July 7, 1999
On May 14, 1999, the People were not ready for the hearing, and had not provided the discovery. The defendant, however, requested a motion schedule, which was set on this date, requiring the defense to file any additional motions by June 11, 1999. The matter was adjourned to July 7, 1999 for the People’s response and the court’s decision. The People concede that because they requested a one-week adjournment, seven days are chargeable to them for this period. It is the finding of this court, however, that the entire period is excludable pursuant to CPL 30.30 (4) (a) notwithstanding the fact that the People were not ready (cf., People v Brown, 195 AD2d 310 [1st Dept 1993], lv denied 82 NY2d 891 [1993]). The period is excludable even though the People incorrectly conceded that seven days are chargeable. (See, People v Ali, 209 AD2d 227 [1st Dept 1994], lv denied 85 NY2d 905 [1995].)
Conclusion
Accordingly, as only 40 chargeable days have elapsed since the commencement of the instant action, the defendant has not been denied his right to a speedy trial pursuant to CPL 30.30, and his motion to dismiss is denied.

CLAYTON

Even where there is no legal basis for dismissal of a criminal action, as there is not in this case, the court in its discretion may dismiss the action in the furtherance of justice and fairness (CPL 170.40 [1]; People v Clayton, 41 AD2d 204, 207-208 [2d Dept 1973]). The use of this remedy depends solely upon the justice to be served by dismissal, rather than the legal or factual merits of the case or the guilt or innocence of the defendant (People v Clayton, supra, at 206; People v Cohen, 112 Misc 2d 377, 380 [Crim Ct, Kings County 1981]). A Clayton motion should be granted only where a defendant has demonstrated by a preponderance of the credible evidence that a compelling reason exists to warrant dismissal in the interest of justice. Where the defendant does not meet this burden, the court may summarily deny the motion (People v Schlessel, 104 AD2d 501, 502 [2d Dept 1984]). The court, to the extent applicable, must examine and consider the merits of the defendant’s application *651 in light of the factors enumerated in CPL 170.40 (1) (a) through (j), and balance the interests of the defendant, the complainant and the community (People v Rickert, 58 NY2d 122, 127 [1983]; People v Belkota, 50 AD2d 118, 120 [4th Dept 1975]).
In support of his motion to dismiss, the defendant discusses the factors set forth in CPL 170.40. It is the defendant’s contention that for the past two years he has brought the child complainant to her home after school. Once at the child’s home, her brother would assume responsibility for her supervision until the child’s mother returned from work. The defendant alleges that on the day in question he only agreed to pick the child up from school and to bring her home. Upon discovering that the child’s brother was not at home, he remained with the child until approximately 6:50 p.m. or 7:00 p.m., when he had to leave due to other obligations. The People contend that the defendant has failed to demonstrate the existence of any compelling factor, consideration or circumstance that would justify the dismissal of the action in the furtherance of justice.
The court’s application of the factors set forth in CPL 170.40 (1) (a) through (j) is as follows:
(a) Seriousness of the offense
It is obvious that the offense charged is inherently serious.
(b) Extent of harm caused by the defendant
Although the extent of harm caused by the defendant’s actions consisted, in this instance, of an allegation that the child was merely scared, it is reasonably foreseeable that extreme harm could come to a young child who is left alone at home (e.g., accidents, fires, intruders).
(c) Evidence of guilt
Sufficient evidence exists to form a strong case against the defendant. The defendant has admitted that he left the child alone at home.
(d) History, character and condition of the defendant
Although the various personal background factors enumerated by the defendant may be considered in mitigation upon imposition of sentence, they do not rise to the level of requiring the court to act favorably on the defendant’s request to dismiss. Moreover, the fact that the defendant does not have a prior criminal record, standing alone, does not warrant the relief sought. (See, People v Crespo, 244 AD2d 563, 564 [2d Dept 1997], lv denied 91 NY2d 925 [1998].)
*652 (e) Exceptionally serious misconduct of law enforcement personnel
The defense alleges that the charge is partially based on the false allegation, by the child’s father, that the defendant is the boyfriend of the child’s mother. The defendant also asserts that the time frame alleged in the information is inaccurate. Such allegations do not constitute exceptionally serious misconduct of law enforcement personnel warranting the relief sought by the defendant.
(f) The purpose and effect of imposing a sentence authorized for the offense upon the defendant
Among the purposes of imposing a sentence upon a defendant who is convicted of a crime is deterrence. The deterrence is aimed at the defendant and at the public at large. In the event that a dismissal is granted, the defendant, or any other person, may think it acceptable to leave small children at home without proper supervision. The effect of imposing a sentence is to inform the public that the conduct engaged in by the defendant will not be tolerated.
(g) The impact of dismissal on the safety or welfare of the community
The safety and welfare of young children in the community will be affected by a dismissal of the charges. As noted above, without punishment others may disregard the importance of providing proper supervision for children.
(h) The impact of dismissal upon the confidence of the public in the criminal justice system
A dismissal of these charges would cause the public to lose confidence in the criminal justice system. The public would view the system as unconcerned or cavalier about the welfare of children.
(i) Attitude of the victim with respect to the motion
The victim in this case is a small child and the assertion in the complaint is that the alleged conduct of the defendant left her scared.
*653 (j) Any other relevant factor which demonstrates that a conviction would serve no useful purpose
None.
After full consideration of all of the arguments offered by the defendant in his moving papers, the letters submitted on the defendant’s behalf, and the relevant criteria, the court does not find any compelling factor, consideration or circumstance that clearly demonstrates that conviction or prosecution of the defendant would result in an injustice. It would, therefore, be an inappropriate exercise of the court’s discretion to dismiss the accusatory instrument in the furtherance of justice. Moreover, the issues raised by the defendant in his moving papers present multiple factual questions requiring resolution at trial (People v Litman, 99 AD2d 573, 574 [3d Dept 1984]; People v Prunty, 101 Misc 2d 163, 167 [Crim Ct, Queens County 1979]).
The defendant’s motion to dismiss in the furtherance of justice is, therefore, denied.
BILL OF PARTICULARS DISCOVERY AND INSPECTION STATEMENTS
The defendant’s motion for a court-ordered bill of particulars and discovery and inspection is denied. The People have sufficiently responded to the defendant’s request for a bill of particulars and demand to produce. On consent of the People, the court has already granted a Huntley hearing.
PHYSICAL EVIDENCE
The defendant’s motion for the suppression of physical evidence is denied in that the defendant has failed to set forth any factual allegations in support of the application. (People v Mendoza, 82 NY2d 415 [1993].) “Defendant had the burden of describing the circumstances surrounding his arrest and the details of the supposedly improper police conduct. He failed to meet that burden [citations omitted].” (People v Seda, 198 AD2d 98 [1st Dept 1993], lv denied 82 NY2d 930 [1994]; see also, People v Graham, 258 AD2d 387 [1st Dept 1999], lv denied 93 NY2d 899 [1999].)
Accordingly, the defendant’s motion is denied in all respects.