THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL D. ERB, JR., Appellant. [894 NYS2d 266]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 25, 2008. The judgment convicted defendant, upon a jury verdict, of criminally negligent homicide.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed, and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminally negligent homicide (Penal Law § 125.10), defendant contends that the evidence is legally insufficient to support the conviction. We agree. The evidence establishes that defendant and the victim, whom he first met on the day she died, used cocaine throughout that day. While defendant was driving the victim to her mother's home in a trailer park, he observed her inject herself with heroin, which she had obtained without his assistance. Upon arriving at the trailer park, defendant was unable to wake the victim in order to ascertain her mother's address within the trailer park, at which time he removed her from his vehicle and left her on a lawn inside the trailer park. Although the victim was breathing and making noises at the time defendant left her there, she was found unconscious several hours later and died within a short time after being hospitalized.

Defendant was acquitted of manslaughter in the second degree (Penal Law § 125.15 [1]) but convicted of the lesser included offense of criminally negligent homicide. "The question on this appeal is therefore whether, when viewed in the light most favorable to the People, the evidence adduced at trial showed that [defendant's] conduct constituted 'not only a fail-

ure to perceive a risk of death, but also some serious blameworthiness in the conduct that caused it' . . . Measured by this standard, the evidence falls short" (*People v Cabrera*, 10 NY3d 370, 378 [2008], quoting *People v Boutin*, 75 NY2d 692, 696 [1990]). We agree with defendant that the evidence failed to establish that his acts in any way caused the death of the victim. Defendant did not procure or inject the drugs that caused the death of the victim, nor did he place her in a location that made her less likely to obtain medical assistance. There is no evidence that removing the victim from the vehicle or leaving her outside contributed to her death. Consequently, "defendant's actions were not a '*sufficiently direct cause*' of [the victim's] death to warrant the imposition of criminal liability" (*People v Bianco*, 67 AD3d 1417, 1419 [2009], quoting *People v Kibbe*, 35 NY2d 407, 413 [1974]).

Further, although "[t]he Penal Law provides that criminal liability may be based on an omission . . . , which is defined as the failure to perform a legally imposed duty" (*People v Steinberg*, 79 NY2d 673, 680 [1992]; *see* Penal Law § 15.00 [3]; § 15.05), no such omission occurred here. "Criminal liability cannot be premised on a failure to act . . . , unless the party so charged has a legal duty to act" (*People v Myers*, 201 AD2d 855, 856 [1994]; *see People v Carroll*, 244 AD2d 104, 106 [1998], *affd* 93 NY2d 564 [1999]). Inasmuch as the People do not contend that defendant had any duty to provide care for the victim and, indeed, they presented no evidence of such a duty (*see Myers*, 201 AD2d 855, 856-857 [1994]; *cf. People v Manon*, 226 AD2d 774, 776 [1996], *lv denied* 88 NY2d 1022 [1996]), there is no basis upon which to find defendant liable for a failure to act. We therefore reverse the judgment of conviction, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45.

We need not review defendant's remaining contentions in light of our determination. Present—Smith, J.P., Carni, Pine and Gorski, JJ.