People v Vazquez (2022 NY Slip Op 07372)

People v Vazquez

2022 NY Slip Op 07372

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

872 KA 17-01972

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE M. VAZQUEZ, ALSO KNOWN AS JOSE M. VASQUEZ, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered June 29, 2017. The judgment convicted defendant upon a jury verdict of manslaughter in the second degree, aggravated unlicensed operation of a motor vehicle in the second degree and aggravated unlicensed operation of a motor vehicle in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, manslaughter in the second degree (Penal Law § 125.15 [1]), defendant contends that the verdict on the manslaughter count is against the weight of the evidence because the People failed to prove beyond a reasonable doubt that he recklessly caused the victim's death. We reject defendant's contention and affirm.
The evidence at trial established that, shortly after midnight on the date in question, defendant and the codefendant were driving separate motor vehicles at high speeds on a street, in a residential area in Rochester, known for drag racing. Witnesses testified that they saw the vehicles going "neck and neck" down the street and dodging in and out of traffic and that the vehicles were traveling at speeds estimated at between 60 and 100 miles per hour. One witness observed the vehicles racing at high speeds northbound and southbound on the street. The victim, who was attempting to cross the street, was struck by the codefendant's vehicle while she was in or near the center of the four-lane street, and she suffered immediately fatal injuries. According to an eyewitness, the victim's body went "flying in the air like a football, higher than the light poles." An accident reconstructionist determined that the victim landed 60 yards from the point of impact. One witness testified that the two vehicles were "almost side by side" when the victim was struck, and there were no skid marks on the street or any indication that either defendant or the codefendant braked before the collision.
A person commits manslaughter in the second degree under Penal Law § 125.15 (1) when he or she "recklessly causes the death of another person." "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]). In the context of motor vehicle accidents involving speeding, "the culpable risk-creating conduct necessary to support a finding of recklessness or criminal negligence generally requires some additional affirmative act aside from driving faster than the posted speed limit" (People v Asaro, 21 NY3d 677, 684 [2013] [internal quotation marks omitted]).
Here, defendant contends that the evidence fails to establish any "inculpatory driving behavior other than excessive speed," and that the People therefore failed to prove beyond a reasonable doubt that he acted recklessly. We reject that contention. There was ample evidence from which the jury could conclude that defendant was drag racing with the codefendant, who was his friend, at the time of the accident (see generally People v Hart, 8 AD3d 402, 404-405 [2d Dept 2004], lv denied 3 NY3d 740 [2004]) and that the drag racing took place at night in a residential area on a busy thoroughfare. We therefore conclude that the jury was justified in concluding beyond a reasonable doubt that defendant had the requisite mens rea of recklessness.
With respect to causation, defendant's contention is premised largely upon statements to the police from a witness who said that the victim had "darted" and "leapt" into the street moments before the accident. Defendant also notes that the victim's autopsy revealed heroin, cocaine, and fentanyl in her blood. According to defendant, neither he nor the codefendant should have reasonably foreseen that the victim would dart or leap into the street and, as a result, their conduct was not a sufficiently direct cause of the victim's death. We reject that contention. The evidence at trial included testimony that the victim took three or four strides into the street before being struck. Moreover, there is no dispute that the victim was struck at or near the center of a four-lane street and there was evidence at trial that the center of the street is approximately 20 feet from the curb. The victim was not struck immediately upon entering the street. We conclude that, regardless of the victim's pace, there was ample evidence at trial from which the jury could conclude that defendant and the codefendant could have avoided the accident had they not been driving so fast. Although the conduct of defendant and the codefendant was not the sole cause of the accident, it was "a sufficiently direct cause of the death of [the victim] so as to warrant the imposition of criminal sanctions" (People v Kibbe, 35 NY2d 407, 413 [1974], rearg denied 37 NY2d 741 [1975]; cf. People v Erb, 70 AD3d 1380, 1381 [4th Dept 2010], lv denied 14 NY3d 840 [2010]).
In sum, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court