People v Nelson (2025 NY Slip Op 03908)

People v Nelson

2025 NY Slip Op 03908

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, DELCONTE, AND HANNAH, JJ.

426 KA 22-01563

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAMERYON NELSON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN E. MARKARIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered August 1, 2022. The judgment convicted defendant upon a nonjury verdict of manslaughter in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]), arising out of a fatal two-car motor vehicle collision. We affirm.
Defendant contends that the evidence is legally insufficient to support his conviction because the People failed to establish that he acted recklessly. We reject that contention. Under the Penal Law, a person is guilty of manslaughter in the second degree when they "recklessly cause[ ] the death of another person" (§ 125.15 [1]). Insofar as relevant here, "[a] person acts recklessly with respect to a result or to a circumstance . . . when [the person] is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (§ 15.05 [3]). In the context of motor vehicle accidents involving speeding, "the culpable risk-creating conduct necessary to support a finding of recklessness or criminal negligence generally requires some additional affirmative act aside from driving faster than the posted speed limit" (People v Asaro, 21 NY3d 677, 684 [2013] [internal quotation marks omitted]; see People v Cabrera, 10 NY3d 370, 377 [2008]; People v Vazquez, 211 AD3d 1592, 1593 [4th Dept 2022], lv denied 40 NY3d 937 [2023]).
Here, viewed in the light most favorable to the People, the evidence established a "valid line of reasoning and permissible inferences from which a rational [trier of fact] could have found the element[ of recklessness] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]; see People v Delamota, 18 NY3d 107, 113 [2011]; People v Contes, 60 NY2d 620, 621 [1983]). The evidence at trial established, inter alia, that defendant operated a motor vehicle at a speed more than double the posted speed limit in a residential neighborhood, crossed the double yellow centerline while passing another vehicle, ignored lines on the roadway, and accelerated without braking when he collided head-on into the victim's vehicle, which was traveling in the opposite direction and was located in the opposite lane. Indeed, viewed in the light most favorable to the People, defendant's conduct while operating his vehicle in the moments before the fatal collision was consistent with him racing another vehicle side-by-side down the northbound lane of travel (see Vazquez, 211 AD3d at 1593-1594). Additionally, defendant admitted to consuming cannabis immediately before operating the vehicle leading up to the collision (see Asaro, 21 NY3d at 685; People v Briskin, 125 AD3d 1113, 1119 [3d Dept 2015], lv denied 25 NY3d 1069 [2015]). Consequently, we [*2]reject defendant's contention to the extent he asserts that the evidence at trial failed "to establish any inculpatory driving behavior other than excessive speed" (Vazquez, 211 AD3d at 1593 [internal quotation marks omitted]; see Asaro, 21 NY3d at 684).
To the extent that defendant contends that the evidence is legally insufficient to establish that he caused the victim's death, defendant failed to preserve that contention for our review inasmuch as he did not raise that specific ground in support of his motion for a trial order of dismissal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Johnson, 225 AD3d 1115, 1116 [4th Dept 2024]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime in this nonjury trial (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that County Court erred in admitting in evidence at trial that defendant did not have a valid driver's license. Initially, we conclude that the testimony in question does not constitute Molineux evidence inasmuch as it "is relevant to the very same crime for which defendant is on trial," and we note that the fact "[t]hat the People classified it as Molineux evidence, and the trial court considered it on that basis, does not prevent us from concluding it was not, because the parties' arguments . . . regarding the probative value of the [evidence] and its prejudicial effect would remain the same" (People v Frumusa, 29 NY3d 364, 370 [2017], rearg denied 29 NY3d 1110 [2017] [internal quotation marks omitted]; see People v Hart, 225 AD3d 1158, 1160 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]). Indeed, we conclude that the court did not abuse its discretion in admitting the challenged evidence at trial inasmuch as it was plainly relevant to the issue of defendant's recklessness (see generally People v Caban, 14 NY3d 369, 374-375 [2010]; People v West, 166 AD3d 1080, 1088 [3d Dept 2018], lv denied 32 NY3d 1129 [2018]), and its probative value "was not 'substantially outweighed by the danger that [the evidence would] unfairly prejudice the other side or mislead the [factfinder]' " (Hart, 225 AD3d at 1161; see generally People v Scarola, 71 NY2d 769, 777 [1988]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court