Lyman H. Smith, J.
Defendant appeals from Ms conviction of endangering the welfare of a child (Penal Law, § 260.10) after his plea of guilty thereto in the Village Police Court of Penn Yan, New York, on January 16,1971. He contends, inter alia, that the *108 information, charging the purported criminal act, was insufficient and fatally defective.
In pertinent part the information reads as follows: ‘ ‘ That [defendant] did commit the crime of Endangering the Welfare of a Child in violation of Art. 260 Sec. 260.10 Sub. 2 of the Penal Law of the State of New York by wrongfully, unlawfully, willfully and knowingly Did commit the Crime of Endangering the Welfare of a Child: Defendant failed to properly supervise his child, in that one Raymond Dailey, age 14 years, was wandering about the Village of Penn Yan, New York on January 1, 1971, and in dang-er of becoming a juvenile delinquent. To Wit: This deponent observed the child Raymond Dailey loitering on the street at 3:45 on the morning of January 1, 1971, and when questioned by this deponent could give no reason for being out and away from home. Date of birth of said child 7-15-56. ’ ’
The requirement that a criminal information must state the crime charged and particular acts constituting that crime (Code Grim. Pro., § 145) is more than a technicality; it is a fundamental and basic principle of justice and fair dealing, as well as a rule of law. (People v. Grogan, 260 N. Y. 138; People v. Zambounis, 251 N. Y. 94.)
This well-settled rule of law illuminates the issue raised on this appeal.
Under subdivision 2 of section 260.10 of the Penal Law, 1 ‘ A person is guilty of endangering the welfare of a child when: * * * 2. Being a parent, guardian or other person legally charged with the care or custody of a child less than eighteen years old, he fails or refuses to exercise reasonable diligence in the control of such child to prevent him from becoming an ‘ abused child, ’ a ‘ neglected child, ’ a ‘ juvenile delinquent ’ or a 1 person in need of supervision,’ as those terms are defined in articles ten and seven of the family court act.”
The criminal information here is singularly bare of any factual description from which one could conclude, or infer, that the subject child was ‘ ‘ endangered ’ ’ within the specified definitions of the Family Court Act. The information speaks of the ‘ ‘ danger of becoming a juvenile delinquent ’ ’ and in support thereof recites that the child was “wandering about ” and “loitering” in the early morning hours. Since the Family Court Act (§ 712) defines a “ juvenile delinquent ” as a person over seven and less than sixteen years of age who commits “ a crime ’ ’ it becomes apparent that an allegation of either a criminal act, an attempt to commit a criminal act, or at least some involvement in criminal misconduct on the part of the child would be a minimal requirement for an information which seeks *109 to charge the parent with failure to exercise ‘ ‘ reasonable diligence in the control of such child. ’ ’ In the instant case the information, at best, invites only speculation as to the purpose or reason why the child was on the street in the early morning. At worst, it calls for an inference of harm arising from the child’s presence on the street and invites a further inference that the harm resulted from a failure on the part of the accused parent to exercise reasonable diligence in supervising the child. Conceivably there could be many reasons which would explain the child’s presence on the street at that time; some of which would fall within the penal sanction; some of which would not.
Inferences based upon inferences have always been suspect under our rules of evidence and can hardly satisfy the precision required to accuse one of criminal misconduct. The information here, resting as it does on speculation, is clearly insufficient. In passing, it may be noted that the instant information also fails to allege facts from which the child could be found to be a ‘1 person in need of supervision ’ ’ as defined by section 712 of the Family Court Act. The test mandated by the statute requires factual showing that the boy is a habitual truant or ‘ ‘ who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority ”. (Family Ct. Act, § 712, subd. [b].) The mere allegation of ‘ ‘ wandering ” or “ loitering ’ ’ is wholly insufficient to satisfy the statutory definition. In any event there would have to be more than a single isolated incident to support a determination of a “ need of supervision ”. (Cf. Matter of David W., 34 A D 2d 1100, affd. 28 N Y 2d 589; Matter of Bordone v. Allen F., 33 A D 2d 890; Matter of Richard W., 29 A D 2d 873.)
In this case the information fails to inform the accused, or the court, for that matter, in what specific way or manner the /accused parent failed to exercise reasonable supervisory diligence or control of the child. The information is conclusory and speculative. The omission of descriptive acts or conduct which would satisfy the clear definitions of the statutes involved is fatal and dictates that the judgment of conviction be set aside and information dismissed.
It should be noted that the appeal herein follows a plea of guilty. Ordinarily, a plea of guilty to a lesser degree of crime, or even to a hypothecated or nonexistent crime will foreclose defendant’s objections upon appeal as to the sufficiency of the criminal indictment or information (People v. Foster, 19 N Y 2d 150 [1967]; People v. Griffin, 7 N Y 2d 511). But this rule is applicable only where the defendant’s plea of guilty is knowingly and intelligently made (People v. Foster, supra) when *110 viewed in light of all the considerations that prompted such plea. The rule will not apply where, as here, the underlying criminal information is wholly insufficient to confer jurisdiction on the court and where, as here, the record fails to reveal that the accused either understood the gravity of the charge or that by his plea he might, in fact, waive his right to raise by appeal valid objections to the legal sufficiency of the criminal complaint. In the instant case, defendant appeared without counsel in response to a letter directed to him by the Village Justice requesting his appearance. He could hardly be supposed to know whether the information which prompted the request for his appearance was legally sufficient. He should not be held to have waived what he did not know about. Indeed, our courts have the highest obligation before accepting pleas of guilty to criminal information to fully investigate the circumstances prompting a guilty plea and to inform the accused, particularly one who is not represented by counsel, of the consequences of such plea. (People v. Rutigliano, 24 A D 2d 875; People v. Briggs, 28 A D 2d 157; People v. Seaton, 19 N Y 2d 404.)
For the foregoing reasons, the information should be dismissed and the judgment of conviction set aside.