Ascher Katz, J.
Defendant is charged with harassment in violation of subdivision 1 of section 240.25 of the Penal Law which states: "A person is guilty of harassment when, with intent to harass, annoy or alarm another person: 1. He strikes, shoves kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same”. (Emphasis supplied.)
The case was tried before the court without a jury. The complainant testified that on October 1, 1976 at about 10:45 a.m. or 11:00 a.m. she was packing her clothes intending to leave her apartment. Defendant was present. She and defendant had been living in the apartment for sometime. She made no conversation although he was talking to her. At one point, on his demand, she took off some jewelry he had given her and left it for him. After she completed packing, defendant followed her to the parking lot at the building. He blocked her car with his car. He got out of his car and told her to roll down the window. He stated, "Who do you think you’re playing with bitch? I’ll kill you.” He had beaten her in the past.
Defendant moved pursuant to section 812 of the Family Court Act to dismiss on the grounds that the Family Court has exclusive jurisdiction over disorderly conduct between *1065 members of the same family or household. The terms "family” and "household” do not countenance relationships unless they are those that are solemnized through marriage or a recognized common-law union. (People v Allen, 27 NY2d 108.) There was no evidence of a solemnized marriage or common-law union between the parties. The motion to dismiss is denied.
The defendant remained in complainant’s apartment after he was obviously no longer welcome. He persisted in following complainant to the parking lot. He blocked her exit from the parking lot. In the past he has beaten her. On the day in question he threatened her life. Intent to harass, annoy or alarm may be inferred from all the surrounding circumstances. (See People v Benders, 63 Misc 2d 572, 574.) Defendant cites People v Todaro (26 NY2d 325) wherein a teenage boy, after arrest, seated in the patrol car told a police officer (p 327) "I’ll get you for this.” The Todaro case is clearly distinguishable. Under this statute, the complainant need not wait for the defendant to bestir himself to carrying out his threats to subject her to physical contact. The intent of revised Penal Law is to cover such harassment or annoyance. (See Denzer and McQuillan, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, §§ 240.20, 240.25, pp 127, 158; Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, art 120, p. 329.) Defendant is found guilty as charged beyond any reasonable doubt.