■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN N. COLLINS, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered December 10, 1990, upon a verdict convicting defendant of the crime of resisting arrest and the violation of harassment.

Defendant was indicted for assault in the second degree, resisting arrest and harassment as the result of an altercation with Terrence Maguire, a police officer. All three charges were tried before a jury, which acquitted defendant of assault in the second degree and found him guilty of the remaining charges. County Court imposed concurrent jail sentences aggregating one year and defendant now appeals, contending that the evidence was insufficient to support the verdict and, alternatively, that the verdict was contrary to the weight of the evidence.

We reject defendant's contentions and accordingly affirm. Viewed in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), the evidence shows that on July 21, 1990, Maguire was dispatched to defendant's house in connection with a domestic dispute. When Maguire arrived, defendant and his wife were engaged in an argument on the sidewalk in front of the house. Defendant then turned away from his wife and proceeded toward the house. Maguire followed him and, as Maguire approached the front door to the house, defendant turned toward Maguire, shoved him and attempted to close the door on him. Maguire then entered the house and advised defendant that he was under arrest for harassment based upon his act of shoving Maguire as he approached the door. Defendant resisted Maguire's attempt to place him in handcuffs, struggled with Maguire and bit his thumb.

Contrary to defendant's contention, the evidence was legally sufficient to establish each element of harassment in violation of Penal Law § 240.25 (1), including "intent to harass, annoy or alarm". Such intent may, and in most instances must, be established by inferences drawn from the surrounding circumstances (see, People v Dorns, 88 Misc 2d 1064, 1065; People v

*Benders,* 63 Misc 2d 572, 574). Here, the jury was entitled to and obviously did infer from defendant's conduct an intent to harass, annoy or alarm Maguire *(see, People v Hare,* 66 Misc 2d 207). Similarly, we reject defendant's challenge to the conviction for resisting arrest, as it is based solely upon the contention that the arrest was unauthorized because Maguire "did not have any ground to believe that defendant * * * had committed * * * an offense" *(People v Peacock,* 68 NY2d 675, 677). Finally, upon the exercise of our power to review the facts, we are satisfied that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Mahoney, P. J., Casey, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.