OPINION OF THE COURT
Memorandum.
The order of the County Court should be affirmed.
Defendant was employed as a teacher at an Albany day care center and charged with 15 counts of endangering the welfare of a child. Count one charged defendant with, over a course of weeks from approximately March 1 to April 12, 1995, repeatedly directing vulgar remarks of a sexual nature to a child aged 23 months, the remaining counts charging inappropriate, forceful and rough treatment of this child and other children in her care. After a jury trial in City Court, defendant was convicted of four counts of endangering the welfare of a child and was sentenced to three years’ probation and 30 days in jail. The County Court affirmed defendant’s conviction and sentence.
Defendant contends, among other things, that the evidence adduced at trial was legally insufficient to support a conviction under Penal Law § 260.10 (1) as it related to the use of vulgar and inappropriate language under count one.
Penal Law § 260.10 (1) provides, in pertinent part, that
“A person is guilty of endangering the welfare of a child when:
“1. He knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.”
Actual harm to the child need not result for liability under the statute to attach, it being sufficient that the defendant act in a manner which is likely to result in harm to the child, knowing of the likelihood of such harm coming to the child (see, People v Bergerson, 17 NY2d 398, 403 [distinguishing between subdivisions (1) and (2) of predecessor statute to Penal Law § 260.10]).
Here the defendant, a trained teacher, repeated her mocking and vulgar remarks to the child over a period of nearly six weeks. This child was in the formative stages of speech and learning, had some verbal cognitive abilities and in fact reacted to defendant’s vulgar queries, by answering “yes.”
*831 Endangering the welfare of a child is a crime which may be characterized as a continuing offense over time, and does not necessarily contemplate a single act (People v Keindl, 68 NY2d 410, 421). The jury therefore may reasonably have concluded that the totality of defendant’s remarks, repeated to the child over a six-week period at a crucial stage in her intellectual and social development, would have combined to create a likelihood of harm, regardless of the child’s current level of understanding. This conclusion is supported by the evidence adduced at trial, is not speculative and is sufficient to sustain the jury’s finding of guilt.
Thus, viewing the evidence as a whole and the inferences which may be drawn in the light most favorable to the People (see, People v Thompson, 72 NY2d 410, 413; People v Contes, 60 NY2d 620, 621), we find that the jurors, drawing upon their common human experience and commonsense understanding of the nature of children, could reasonably conclude that defendant uttered the inappropriate remarks, that the remarks were likely to have caused the child harm, and that defendant knew that her remarks were likely to cause the child to suffer harm (see, People v Kennedy, 47 NY2d 196, 203; People v Wachowicz, 22 NY2d 369, 372).
We have reviewed defendant’s remaining contentions and find them to be without merit.