OPINION OF THE COURT
Kathryn M. Smith, J.
The defendant is charged with four counts of endangering *351 the welfare of a child in violation of Penal Law § 260.10 (2). The defendant seeks the dismissal of the accusatory instrument based on facial insufficiency grounds pursuant to CPL 170.30, 170.35 and 100.40.
The court has reviewed the defendant’s moving papers, the People’s response, all pertinent court documents and case law, and, for the reasons discussed hereafter, grants the defendant’s motion to dismiss. This written decision follows a previously rendered oral decision.
FACTS AND LEGAL ISSUES:
The defendant, a 34-year-old mother of four, was arrested at her home sometime after 5:15 in the afternoon, on April 6, 1998. She was charged with four counts of endangering the welfare of a child (Penal Law § 260.10 [2]). The charges in this case stemmed from allegations that the defendant left her four children, ages 5, 7, 12 and 13, home alone for two hours. The police went to the defendant’s residence on the date in question, in response to a 911 call placed by an unidentified caller. Once inside the premises, the police observed that the children were home alone and that there was no food in the house.
After the defendant was arrested, she was fingerprinted, put through the system and held overnight in jail. She was arraigned the following night, April 7, 1998, at which time the arraigning Judge released the defendant on her own recognizance and denied the People’s request for the issuance of orders of protection for the children.
The accusatory instrument reads in pertinent part as follows:
“Officer Michael A. Sparacino of the 79 precinct on or about April 6, 1998 at approximately 5:15 P.M. at 550 DeKalb Avenue, Apartment 4 * * *
“observed four children alone at the above location, an apartment, without any adult supervision.
“Deponent further states that there was no food in the apartment.
“Deponent is further informed by the defendant’s own statements that she is the mother of the children and the children’s dates of births are as follows: Boyd Jasper, born November 11, 1992; Jasmine Smith, born February 2, 1991; Swanequa Smith, born January 29, 1986, and Jamal Smith, born February 19, 1985.
“Deponent further states that the children appear to be between the ages of five and thirteen.
*352 “Deponent is further informed by the defendant’s own statement that the defendant left the children alone for a couple of hours.”
The defendant challenges the facial sufficiency of the accusatory instrument, arguing that the complaint fails to allege facts which constitute a crime; asking essentially, “Where is the crime?” The defendant further contends that “it is a generally accepted societal practice to leave young non-infant children with their twelve and thirteen year old siblings.”
The People respond generally that the accusatory instrument complies with the requirements set out in CPL 100.15 (3) and 100.40 (1).
CONCLUSIONS OF LAW:
It is well settled that a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98 [1977].) In order to be considered facially sufficient, an accusatory instrument must allege facts of an evidentiary character supporting or tending to support the offenses charged (CPL 100.15 [3]); and provide reasonable cause to believe that the defendant committed the offense(s) charged (CPL 100.40 [1] [b]); and also must contain nonhearsay allegations which establish, if true, every element of the offense(s) charged and defendant’s commission thereof. (CPL 100.40 [1] [c]; see also, People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133 [1987]; People v McDermott, 69 NY2d 889 [1987]; People v Case, supra.) Mere conelusory statements will not suffice. (People v Dumas, supra.) An information which fails to satisfy these requirements is deemed jurisdictionally defective. (People v Alejandro, supra; People v McDermott, supra.)
Under subdivision (2) of section 260.10 of the Penal Law, a person is guilty of endangering the welfare of a child, when: “Being a parent, guardian or other person legally charged with the care or custody of a child less than eighteen years old, he fails or refuses to exercise reasonable diligence in the control of such child to prevent him from becoming an ‘abused child’, a ‘neglected child’, a ‘juvenile delinquent’ or a ‘person in need of supervision’ as those terms are defined in articles ten, three and seven of the family court act.”
Referring to the Family Court Act, section 1012 defines the terms “abused child”, and “neglected child” in pertinent part as follows:
*353 “ ‘Abused Child’ means a child less than eighteen years of age whose parent or other person legally responsible for his care
“(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement * * *
“(ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death or serious or protracted disfigurement * * *
“(iii) commits, or allows to be committed, a sex offense against such child, as defined in the penal law” (Family Ct Act § 1012 [e] [emphasis added]).
“ ‘Neglected child’ means a child less than eighteen years of age
“(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care
“(A) in supplying the child with adequate food, clothing, shelter or education * * * or medical, dental, optometrical or surgical care, though financially able to do so* * *
“(B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment; or by misusing a drug or drugs; or by misusing alcoholic beverages to the extent that he loses self-control of his actions * * *
“(ii) who has been abandoned * * * by his parents or other person legally responsible for his care” (Family Ct Act § 1012 [f| [emphasis added]).
Family Court Act § 301.2 (1) defines the term “Juvenile delinquent” as: “a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult” (emphasis added).
Family Court Act § 712 (a) defines the term “Person in need of supervision” as: “A male less than sixteen years of age and a female less than eighteen years of age who does not attend school in accord with the provisions of part one of article sixty-five of the education law or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of a parent or other lawful authority” (emphasis added).
*354 An examination of these definitions reveals that they clearly have no reasonable application to the allegations contained in the instant accusatory instrument. The bare allegation that the defendant left her children home alone for a couple of hours, without adult supervision in an apartment which was devoid of food, fails to make out any cognizable crime under Penal Law § 260.10 (2), since, under the facts alleged, it cannot reasonably be concluded or inferred that the subject children were “endangered” within the specified definitions of the Family Court Act.
Even if the People were relying on the definition of “neglected child”, when deciding to charge the defendant under this subdivision, the factual allegations contained in the instant accusatory instrument still fail to provide any factual description from which one could conclude, or logically infer, that the children were “neglected”, as defined by the Family Court Act. The mere allegation that “there was no food in the apartment” is insufficient to establish that the children’s physical, mental or emotional condition was somehow impaired, or was in imminent danger of becoming impaired, as a result of any failure of the defendant to supply them with adequate food. Whether a family has food in their home on any given date does not lead to a logical conclusion, without further factual allegations, that the children in that family are being endangered. In fact, one might just as likely speculate that the defendant left her younger children in the care of their older siblings in order to go grocery shopping, without taking along the entire family.
The requirement that a criminal information must state the crime charged and particular acts constituting that crime is more than a technicality; it is a fundamental, basic principle of justice and fair dealing, as well as rule of law. (People v Zambounis, 251 NY 94 [1929]; see also, People v Grogan, 260 NY 138 [1932]; People v Dailey, 67 Misc 2d 107 [Yates County Ct 1971].)
In this case, the accusatory instrument fails to inform the defendant, or the court, for that matter, as to specifically how the accused parent failed to exercise reasonable supervisory diligence or control of the children. This omission of descriptive acts or conduct which would satisfy the clear definitions of the statutes involved is fatal, and dictates that the accusatory instrument be dismissed. (See, People v Dailey, supra, at 109.)
The defendant also argues that it is a generally accepted societal practice to leave young noninfant children with their 12- and 13-year-old siblings. In the instant case, the court *355 relies on the definitions provided in the Family Court Act to reach a determination that the accusatory instrument fails to make out any cognizable crime. However, there are an increasing number of these so-called “home alone cases”, appearing in Criminal Court which are charged under subdivision (1) of Penal Law § 260.10, which provides no such guidance. It is therefore apparent that it might be time for the Legislature to clearly address the issue of whether it is the Legislature’s intent to criminalize the act of leaving children under a specified age home alone for a period of time.
Based on common knowledge and experience, it can be stated with a fair degree of certainty that leaving noninfant children in the care of responsible 12- and 13-year-old siblings, for reasonable periods of time, is a common and well-established tradition. This practice is not based purely on economic factors, but rather, touches on the very essence of the concept of family and child-rearing goals aimed at fostering and encouraging independence, responsibility, love and support among siblings. Twelve and 13 year olds are often the family’s chief babysitters; older siblings usually being too busy with other activities. On any given school day, these older children can be observed escorting their younger siblings back and forth to school; and it is reported that many 12 and 13 year olds even have lucrative outside babysitting practices by this age.
Until such time as the Legislature clarifies its intentions with respect to these often troubling “home alone” cases, so that the public in general, and unwary parents in particular, can be made aware of the legal ramifications of leaving children home alone, well-established and traditionally accepted community standards must continue to be carefully applied on a case-by-case basis.
Accordingly, the motion to dismiss the accusatory instrument is granted.