OPINION OF THE COURT
Gerald Harris, J.
The defendant is charged with aggravated harassment in the second degree (Penal Law § 240.30 [1]) and harassment in the second degree (Penal Law § 240.26 [3]). He moves to dismiss both counts as facially insufficient ánd on the further ground that the aggravated harassment statute is constitutionally overbroad. Defendant further moves to compel a bill of particulars and discovery, to suppress statement evidence or, in the alternative, for a Huntley/Dunaway hearing, and to preclude the use of prior criminal history/bad acts at trial.
The complaint alleges that defendant made more than one telephone call a day to the complainant from August 1 through October 6, 2000. It is alleged that in these calls defendant made threatening statements to the complainant, including threats to kill her and to put a bullet in her head. It is also alleged that defendant said he would make her life a living hell, and if she saw anyone else he would kill her. The complaint further alleges that on October 6, 2000 defendant called the complainant and stated in substance “If you try to keep my son away from me I’m going to put a bullet through your head.” Complainant alleges that she recognized defendant’s voice and that she was annoyed and alarmed by the calls.
*919 Facial Sufficiency
Aggravated Harassment, Second Degree
Defendant seeks dismissal of the first count of the accusatory instrument, which charges aggravated harassment in the second degree, on the ground that the statements alleged in the complaint do not constitute genuine threats. Specifically, he maintains that the alleged statement “If you try to keep my son away from me I’m going to put a bullet through your head” does not constitute an immediate threat. Relying upon People v Dietze (75 NY2d 47, 50 [1989] [“ ‘beat the crap out of [complainant] some day or night on the street’ ”]), People v Todaro (26 NY2d 325, 327 [1970] [“‘I’ll get you for this’”]), and People v Yablov (183 Misc 2d 880, 883 [Crim Ct, NY County 2000] [“we’ll get you * * * we’ll get you”]), defendant argues that the statements made in the instant case are similar to those made in the cited cases, and are nonspecific or contingent statements which, at most, are nothing more than crude outbursts not punishable under the statute.
In order to find the charge of aggravated harassment (Penal Law § 240.30 [1]) facially sufficient, the factual allegations must give reasonable cause to believe that defendant, with intent to harass, annoy or alarm the complainant, communicated by telephone in a manner likely to cause annoyance or alarm. The complaint alleges that more than one threatening phone call was made each day for a period of over two months. The sheer number of calls standing alone provides a reasonable basis to infer that defendant intended to communicate with the complainant in a manner likely to cause annoyance or alarm. (See People v McAdoo, NYLJ, Mar. 22, 2000, at 28, col 1.) Moreover, the content of those communications includes unequivocal and specific threats of harm which further evidence an intent to cause annoyance or alarm and which, despite the absence of a specific time and place for fulfillment of the threats, were statements likely to cause annoyance or alarm. Thus, the court finds that the factual allegations provide reasonable cause to infer that defendant acted with intent to harass, annoy or alarm the complainant when he communicated threats of physical violence by telephone which threats were likely to cause annoyance or alarm.
Defendant also argues that Penal Law § 240.30 (1) is constitutionally overbroad. As authority, defendant cites People v Dietze (supra) and maintains that the subdivision’s language addresses communications rather than conduct and criminal *920 izes expressions which are constitutionally protected. It is well settled that a strong presumption of constitutionality attaches to State statutes and that a court must, whenever possible, construe each statute in a manner which would avoid constitutional defects. (Matter of Quinton A., 49 NY2d 328 [1980]; People v Pagnotta, 25 NY2d 333 [1969]; People v Liberta, 64 NY2d 152 [1984], cert denied 471 US 1020 [1985].) It follows that a court should strike down a statute as unconstitutional only as a last resort, and only when unconstitutionality is demonstrated beyond a reasonable doubt. (See Defiance Milk Prods. Co. v Du Mond, 309 NY 537 [1956].)
In People v Dietze (supra), the Court of Appeals found the former harassment statute (Penal Law § 240.25 [2]) “invalid for overbreadth” because it proscribed speech that was only abusive. Whereas public speech that is “ ‘abusive’ — even vulgar, derisive, and provocative” may be protected (People v Dietze, supra, at 51), the possession of a telephone does not “ ‘constitute an open invitation to uninvited abuse.’ ” (People v Miguez, 147 Misc 2d 482, 484 [Crim Ct, NY County 1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992]; People v Cirruzzo, 53 Misc 2d 995 [Dist Ct, Nassau County 1967].) While crude and vulgar outbursts which are not intended to, and do not, create a public disturbance may be protected from criminal prosecution as free speech, threats of physical violence, such as those alleged here, which are likely to cause alarm or annoyance to the recipient, enjoy no such constitutional protection. (People v Dietze, supra; People v Miguez, supra.)
As the Court of Appeals stated, in upholding the constitutionality of Penal Law § 240.30 (2) as applied to the facts in People v Shack (86 NY2d 529, 535-536), “[Constitutional free speech protections ‘have never been thought to give absolute protection to every individual to speak whenever * * * he pleases, or to use any form of address in any circumstances that he chooses’; a person’s right to free expression may be curtailed ‘upon a showing that substantial privacy interests are being invaded in an essentially intolerable manner’ ” (citing Cohen v California, 403 US 15, 19, 21).
Furthermore, the threats in People v Dietze (supra) and People v Todaro (supra) were found insufficient only “after a full contextual analysis at trial” (People v Prisinzano, 170 Misc 2d 525, 538-539 [Crim Ct, NY County 1996]). The standard for an accusatory instrument is a lesser one than at trial, where the People must prove their case beyond a reasonable doubt. (People v Price, 178 Misc 2d 778, 781 [Crim Ct, NY County *921 1998]; People v Prisinzano, supra.) For the reasons set forth, the motion to dismiss count one of the complaint charging aggravated harassment in the second degree is denied.
Harassment, Second Degree
Defendant seeks dismissal of the second count of the accusatory instrument charging harassment in the second degree on the ground that the complaint lacks factual allegations demonstrating a specific intent to harass, annoy or alarm and that there are no factual allegations demonstrating that the course of conduct alleged served no legitimate purpose. In order to find the harassment charge under Penal.Law §240.26 (3) facially sufficient, the factual allegations must provide reasonable cause to believe that defendant, with intent to harass, annoy or alarm another person, engaged in a course of conduct or repeatedly committed acts which alarm or seriously annoy such other person and which serve no legitimate purpose.
A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct. (Penal Law § 15.05 [1].) It has been held that, if an accusatory instrument alleges that defendant acted with the requisite intent to harass, annoy or alarm, that allegation is sufficient for pleading purposes. (People v Sassower, NYLJ, Nov. 6, 1998, at 23, col 4 [App Term, 2d Dept].) Moreover, the element of intent may be implied from the alleged act itself. (People v McGee, 204 AD2d 353 [2d Dept 1994]; People v Strong, 179 Misc 2d 809 [App Term, 2d Dept 1999].) It is also well established that intent to harass, annoy or alarm may be inferred from the surrounding circumstances. (People v Bracey, 41 NY2d 296 [1977]; People v McGee, supra; People v Collins, 178 AD2d 789 [3d Dept 1991]; People v Dorns, 88 Misc 2d 1064 [Just Ct, Westchester County 1976].) The decision in People v Yablov (supra), upon which defendant places principal reliance, is distinguishable. In that case, the court found that no specific threats were made in the defendant’s many phone calls. Here, there were specific, unconditional threats to kill the complainant and to put a bullet through her head. Thus, the court may infer from the threats alleged in the complaint that the defendant intended to harass, annoy or alarm the complainant.
Defendant contends that he had a legitimate purpose for telephoning the complainant on October 6, 2000, which was to specifically address the issue of custody and/or visitation of *922 their son. He further argues the likelihood that the previous calls were placed for equally legitimate purposes and that there may always be a legitimate purpose for conversation between defendant and the complainant because they share a son. A speaker who utters threats to another almost always believes he has a grievance, whether real or imagined. To dignify that belief, by characterizing it as made in furtherance of a legitimate purpose, would so narrow the legal protection provided by harassment statutes as to render them virtually ineffective.
In People v Shack (86 NY2d 529, 538 [1995], supra), the Court of Appeals defined the phrase “ ‘no purpose of legitimate communication’ ” as “the absence of expression of ideas or thoughts other than threats and/or intimidating or coercive utterances.” Here, the statements alleged in the complaint contain no expressions other than the threats and intimidating utterances. A telephone call to one’s spouse to discuss the issue of custody of their child may well have a legitimate purpose. However, any attempt to resolve that issue, by the making of threats of violence in the course of that telephone conversation, is not insulated from criminal sanction merely because the subject of the conversation, child custody, is an appropriate topic for legitimate communication. When threats of physical harm are made, any legitimate purpose is corrupted. Indeed, the commission of a criminal act can have no legitimate purpose. Accordingly, the motion to dismiss the count charging harassment in the second degree is denied.
Other Motions
The motion to compel a bill of particulars and for discovery is granted to the extent of the response to the motion and the voluntary disclosure form furnished by the People.
The motion to suppress statement evidence or, in the alternative, for a hearing is denied as moot since the People have withdrawn notice of their intent to offer any statements allegedly made by the defendant.
The defendant’s motion to preclude the use at trial of any prior criminal history or prior uncharged criminal or immoral acts is referred to the trial court for decision.