OPINION OF THE COURT
Gerald Harris, J.
The complaint alleges that the defendant left her one-year-old son in the care of another person (neighbor) and that she did *839 not return to pick up the child for approximately 20 hours. Three hours before the defendant’s return, the babysitter, concerned that the infant was exhibiting signs of illness (wheezing) and because the defendant, in the past, had never asked her to care for the child for more than a few hours, sought medical care for the child. When the defendant returned she was arrested and ultimately charged with endangering the welfare of a child (Penal Law § 260.10 [1]). The defendant moves, pursuant to CPL 170.30 and 170.35, to dismiss the complaint as facially insufficient.
For the reasons set forth, the court finds that the factual allegations of the complaint, even if true, fail adequately to support the crime charged. However, the court does not dismiss the complaint but, instead, transfers it to the Family Court pursuant to the provisions of Family Court Act § 1014 (b).
While subdivision (2) of Penal Law § 260.10, which, in substance, provides that a charge of endangerment may be based upon a parent’s failure to exercise reasonable diligence to prevent a child from becoming a “neglected child,” a circumstance somewhat closer to the facts alleged here, the People have chosen to proceed under subdivision (1) of the statute. Penal Law § 260.10 (1) provides that a person is guilty of endangering the welfare of a child when he knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child.
While the statute does not require that the child suffer actual harm (People v Johnson, 95 NY2d 368, 371 [2000]; People v Simmons, 92 NY2d 829, 830 [1998]), there must be facts alleged sufficient to show that the defendant acted in a manner which was likely to result in harm to the child, knowing of the likelihood of such harm. (People v Johnson, supra; People v Simmons, supra.) Put another way, “a defendant must simply be aware that the conduct may likely result in harm to the child” (People v Johnson, supra at 372).
Nowhere in the complaint are there facts alleged from which it might reasonably be inferred that the person in whose care the defendant left her child was an inappropriate custodian, either because of tender age or lack of physical or mental capacity. To the contrary, the facts suggest that the temporary caregiver was a responsible adult who had successfully acted as a babysitter for the defendant’s child in the past. Indeed, her qualification to care for the child is attested to by the allegations demonstrating her vigilant concern for the child’s health *840 and the fact that she sought medical attention when the child appeared ill.
Although the defendant’s extended absence was inconsistent with past behavior, and may well be viewed as irresponsible, it hardly raises a likelihood of harm to the properly chaperoned child or demonstrates an awareness on the part of the defendant that she had put her child in harm’s way.
Some courts have declined to find criminal liability even where young children are left alone or in the care of immature siblings. (People v Smith, 178 Misc 2d 350 [Crim Ct, Kings County 1998]; People v Seward, 173 Misc 2d 1020 [Mount Vernon City Ct 1997]; People v Mantley, NYLJ, June 2, 1994, at 30, col 4 [Crim Ct, Richmond County] [finding no child endangerment].)
Other courts find such circumstances to constitute child endangerment. (People v Aquino, 2002 NY Slip Op 50223[U] [App Term, 1st Dept 2002]; People v Watson, 182 Misc 2d 644 [Crim Ct, Bronx County 1999]; People v Cenat, 176 Misc 2d 39 [Crim Ct, Kings County 1997] [cases finding child endangerment sufficiently pleaded].)
No case has been found which has held that leaving a child in the care of an appropriate custodian, even for an unexpectedly protracted period of time, amounts to criminal conduct. For good reason, since such facts manifestly fail to set forth a violation of the statute.
Because the complaint hints at the possibility of neglect, and the court wishes to ensure that a professional assessment is made of the child’s well-being, the complaint is to be transferred to the Family Court, pursuant to Family Court Act § 1014 (b).