*279 OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with five counts of endangering the welfare of a child, in violation of Penal Law § 260.10 (1). By omnibus motion and supplemental motion she seeks an order, inter alia, dismissing the complaint.
CPL 100.15 and 100.40 require that factual allegations of an evidentiary character provide reasonable cause to believe that defendant committed the offenses charged in the information and that nonhearsay factual allegations provide a prima facie case that defendant is guilty. While an information must state the crime with which defendant is charged and the facts which support those charges, the allegations need not establish guilt beyond a reasonable doubt. (People v Henderson, 92 NY2d 677 [1999].) Where the factual allegations give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, those allegations should be given a fair and not overly restrictive or technical reading. (People v Casey, 95 NY2d 354 [2000].)
The information alleges that the deponent police officer arrived at defendant’s apartment and saw large amounts of garbage on the floor in several rooms, rat feces in the kitchen, numerous insects, a hallway blocked with furniture and rubbish, an empty beverage container in the kitchen, numerous articles of clothing lying about the floors and furniture, and multiple pots and pans filled with rotten food. It further alleges that she saw two children in the living room, which was surrounded by garbage, clothing and plastic bags. Defendant admitted that she had custody of the children, and that they were five and eight years old. The information further alleges that defendant admitted that she has custody of three other children aged 3, 6 and 11, and that all five of the children reside with her in the apartment.
Penal Law § 260.10 (1) defines the crime of endangering the welfare of a child as follows, in pertinent part: “A person is guilty of endangering the welfare of a child when . . . [h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old . . . .”
The instant complaint does not merely allege that defendant’s children were in a “messy” apartment (see, e.g., People v Mantley, NYLJ, June 22, 1994, at 30, col 4 [Crim Ct, Richmond *280 County]). Instead, it describes in extensive detail an extreme level of filth and disorder in the apartment. While the complaint does not allege that the children appeared to be malnourished, sick, improperly clothed or otherwise injured or abused, the statute does not require actual injury or harm to the child. Instead, the People must establish that the harm was likely to occur. (People v Hitchcock, 98 NY2d 586 [2002]; People v Johnson, 95 NY2d 368, 372 [2000]; People v Watson, 182 Misc 2d 644 [Crim Ct, Bronx County 1999]; see, e.g., People v Simmons, 92 NY2d 829 [1998] [held: evidence legally sufficient to support verdict of endangering where day care center teacher repeatedly directed vulgar remarks of a sexual nature to a child aged 23 months].)
It may reasonably be inferred from the factual allegations in the complaint that defendant knowingly permitted her children to reside in an apartment in a condition so filthy and riddled with vermin that it was likely to be injurious to their health. “The statute is broadly written and imposes a criminal sanction for the mere ‘likelihood’ of harm ... [A] defendant must simply be aware that the conduct may likely result in harm to a child.” (People v Johnson, 95 NY2d at 372.) Accordingly, the motion to dismiss the complaint is denied.
Other Motions
Defendant’s motion to suppress physical evidence, observations, and photographs is granted to the extent that a hearing shall be held to determine whether such evidence is the tainted fruit of an illegal search or seizure of the defendant. Upon such hearing the People shall produce to the court and to defendant a certified copy of the warrant of arrest of defendant dated March 6, 2007, the Family Court petition upon which said arrest warrant was based, together with the stenographic minutes of any testimony and/or proceedings conducted before the Family Court in connection with the issuance of said warrant.
Defendant’s motion to preclude introduction of evidence of statements and identifications pursuant to CPL 710.30 (1) is granted.
Defendant’s Sandoval motion is granted to the extent that a hearing shall be held by the trial judge.