*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 8, 2015               105430
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                           MEMORANDUM AND ORDER

ABA McMILLON,
                    Appellant.
_____


Calendar Date:  November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

                    _____


        Alexander W. Bloomstein, Hillsdale, for appellant.

        Paul Czajka, District Attorney, Hudson (H. Neal Conolly of
counsel), for respondent.

                    _____


Lahtinen, J.P.

        Appeal from a judgment of the County Court of Columbia
County (Nichols, J.), rendered December 12, 2012, convicting
defendant following a nonjury trial of the violations of
disorderly conduct and harassment in the second degree.

        Police were summoned twice during a July 2011 evening to
defendant's residence.  They reportedly were met by defendant's
loud and repeated profanity-laced comments directed at police.
Also present were her children and various neighbors in the
residential neighborhood.  During the second dispatch, as an
officer attempted to arrest defendant, she allegedly thrusted her
torso against the officer's torso as she said to the officer,
"How's that?"  She was charged with the violations of disorderly
conduct and harassment in the second degree.  Following a nonjury

trial, County Court found her guilty of both charges and sentenced her to 10 days in jail.  Defendant appeals.

Defendant argues that the convictions were not supported by legally sufficient evidence and was against the weight of the evidence.  There was proof that defendant engaged in a stream of protracted, loud and escalating obscenities with the aim of disparaging police, in the presence of her children and gathering neighbors.  Despite repeated warnings and efforts by police to calm defendant, she persisted and eventually purposely initiated physical contact with an officer who was attempting to arrest her as she uttered a phrase reflecting the intentionality of her act.  Viewed most favorably to the People, this proof was sufficient to establish disorderly conduct (see People v Weaver, 16 NY3d 123, 128-129 [2011]; see also People v Baker, 20 NY3d 354, 360-361 [2013]; People v Tichenor, 89 NY2d 769, 776-777 [1997], cert denied 522 US 918 [1997]), as well as harassment in the second degree (see People v Collins, 178 AD2d 789, 789-790 [1991]).  Upon independently weighing and considering the evidence in the record, while deferring to the many credibility determinations made by the factfinder with respect to the considerable conflicting proof, we find that defendant's convictions were not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).

McCarthy, Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5).


ENTER:

Robert D. Mayberger
Clerk of the Court