The People of the State of New York, Respondent,
against
Aliyyah Comerford, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Matthew A. Sciarrino, Jr., J.), rendered May 2, 2013. The judgment convicted defendant, upon her plea of guilty, of attempted endangering the welfare of a child and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
According to a superseding information, at approximately 1:06 p.m. on April 5, 2013, defendant, Aliyyah Comerford, left her five-day-old daughter in a Brooklyn apartment with the infant's father, who lived in the apartment. Among other things, the apartment had a hole in the bathroom floor that led to the building's basement; the bathroom sink and the bathtub were filled with black water; and one of the apartment's windows was broken, which allowed wind to enter the apartment. Defendant was located by the police and arrested at approximately 3:00 p.m. She told the police that she had left the baby in the apartment so that she could get milk for the infant. Defendant was charged with two counts of endangering the welfare of a child (Penal Law § 260.10 [1], [2]). After defendant's oral motion to dismiss the accusatory instrument was denied, defendant pleaded guilty to attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]).
Under the particular facts and circumstances of this case, we find that the People correctly concede that the superseding information failed to set forth allegations establishing every element of the offense of endangering the welfare of a child and defendant's commission thereof (see People v Dumay, 23 NY3d 518, 522 [2014]; People v Kalin, 12 NY3d 225, 228-229 [2009]; People v Perez, 49 Misc 3d 1211[A], 2015 NY Slip Op 51571[U], *2 [Crim Ct, NY County 2015]; People v Cruz, 10 Misc 3d 838, 839 [Crim Ct, NY County 2005]; People v Smith, 178 Misc 2d 350, 354 [Crim Ct, Kings County 1998]; cf. People v Johnson, 95 NY2d 368, 371-372 [2000]; People v Bottari, 31 Misc 3d 90, 92-93 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Aquino, 2002 NY Slip Op 50223[U] [App Term, 1st Dept 2002]; People v Eury, 46 Misc 3d 1208[A], 2015 NY Slip Op 50018[U] [Crim Ct, NY County 2015]; People v Ambers, 17 Misc 3d 278 [Crim Ct, NY County 2007]). The information did not allege that defendant acted in a manner by which the five-day-old infant could have been affected by the dangerous conditions in the apartment (see People v Fielden, 48 Misc 3d 1213[A], 2015 NY Slip Op 51097[U], *2 [Crim Ct, NY County 2015] [infant "was almost certainly too young to crawl away" from where the infant had been placed]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: May 25, 2016