The People of the State of New York,
against
Brian Allen, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered November 20, 2012, after a nonjury trial, convicting him of disorderly conduct and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (James M. Burke, J.), rendered November 20, 2012, affirmed.
The accusatory instrument was not jurisdictionally defective. The information alleges that on February 11, 2012 at 4:00 a.m., at the West 4th Street subway station, defendant "directly bumped" into a police officer with his shoulder while the officer was assisting his sergeant with a "police investigation"; that after the officer "identified himself," "displayed his police shield," and instructed defendant to leave the station, defendant "started yelling and screaming ... I don't have to listen to you, I don't have to go anywhere"; that "defendant's conduct created a public disturbance in that it caused a crowd to gather and people to express alarm"; and that when defendant was placed under arrest, he "refused to put his arms behind his back," "tightened his arms and hands," and yelled obscenities.
These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), are sufficient for pleading purposes to charge defendant with disorderly conduct (see Penal Law § 240.20[1]) and second-degree harassment (see Penal Law § 240.26[1]). With respect to the disorderly conduct charge, the factfinder could infer from the pleaded facts that the incident had carried beyond the concern of the individual disputants to a point where it became "a potential or immediate public problem" (see People v Weaver, 16 NY3d 123, 128 [2011], quoting People v Munafo, 50 NY2d 326, 331 [1980]; see People v Lepard, 83 AD3d 1214, 1215—1216 [2011], lv denied 18 NY3d 925 [2012]). With respect to the harassment charge, the allegations were sufficient to establish that defendant acted with the intent to harass, annoy or alarm the officer (see People v Collins, 178 AD2d 789, 789-790 [1991]; see also People v Bracey, 41 NY2d 296, 301 [1977], rearg denied 41 NY2d 1010 [1977]). 
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing [*2]the court's determinations concerning credibility. The trial court, as factfinder, was warranted in concluding that defendant's escalating conduct, including using loud and abusive language, deliberately "slamming" his shoulder into a police officer, refusing repeated requests to return to his group and leave the subway station, and then flailing his arms to prevent being handcuffed - conduct that caused a crowd of some ten people to gather inside the station and required the intervention of additional officers - recklessly created a risk of a "potential or immediate public problem" (People v Weaver, 16 NY3d at 128). The court was also warranted in concluding that defendant deliberately slammed into the officer's shoulder for the purpose of annoying or harassing him (see People v Collins, 178 AD2d at 789-790).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: October 17, 2018