People v Vasquez (2021 NY Slip Op 50226(U))

[*1]

People v Vasquez (Yessenia)

2021 NY Slip Op 50226(U) [71 Misc 3d 127(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2019-691 RO CR

The People of the State of New York,
Respondent, 
against
Yessenia Vasquez, Appellant. 

Ellen O'Hara Woods, for appellant.
Rockland County District Attorney (Marissa L. Licata of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Stony Point, Rockland County
(Frank J. Phillips, J.), rendered April 16, 2019. The judgment convicted defendant, after a
nonjury trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed. 
Defendant was charged with endangering the welfare of a child (Penal Law § 260.10
[1]), unlawful imprisonment in the second degree (Penal Law § 135.05) and harassment in
the second degree (Penal Law § 240.26 [1]). The charges arose from allegations that
defendant, while working as a special education teacher at Stony Point Elementary School,
forcibly dragged the victim, an autistic student, across the classroom while the victim was
screaming and yelling; placed the victim in a classroom closet; shut the closet door completely;
and held the door shut for several minutes as the victim was screaming from within. Following a
nonjury trial, the Justice Court acquitted defendant of endangering the welfare of a child and
unlawful imprisonment in the second degree, but convicted her of harassment in the second
degree (Penal Law § 240.26 [1]). 
Defendant's contention that the trial evidence was legally insufficient to establish her guilt of
harassment in the second degree is unpreserved for our review, as she failed to renew her motion
for a trial order of dismissal after presenting her own evidence (see People v Kolupa, 13 NY3d
786, 787 [2009]; People v Hines, 97 NY2d 56, 61 [2001]; People v Acevedo, 136 AD3d
1386, 1386 [2016]; cf. People v
Finch, 23 NY3d 408, 412, 416 [2014]). In any event, viewing [*2]the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d
107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the
evidence adduced at trial was legally sufficient to establish defendant's guilt beyond a reasonable
doubt (see People v Danielson, 9
NY3d 342, 349 [2007]).
"A person is guilty of harassment in the second degree when, with intent to harass, annoy or
alarm another person[, h]e or she strikes, shoves, kicks or otherwise subjects such other person to
physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]; see
People v Repanti, 24 NY3d 706, 710 [2015]). Such intent may—and in most instances
must—be established by inferences drawn from a defendant's conduct and the surrounding
circumstances (see People v
Rodriguez, 17 NY3d 486, 489 [2011]; People v Bracey, 41 NY2d 296, 301
[1977]; People v Collins, 178 AD2d 789, 789 [1991]).
Here, the People presented evidence that, after seeing the victim engage in certain disruptive
acts during a class, defendant grabbed the victim by her arm and hair, dragged the victim about
20 feet across the classroom floor as the victim was resisting, and forced her into the
closet—thereby subjecting the victim to physical contact. The Justice Court was thus
entitled to infer from defendant's conduct and the surrounding circumstances an intent to harass,
annoy or alarm the victim (see People v
Gordon, 23 NY3d 643, 650 [2014]; People v Collins, 178 AD2d at 789; People v Flores, 30 Misc 3d
135[A], 2011 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2011]). Although defendant argues that her intent was to move the victim to a safe place for her
to calm down, even assuming that this was defendant's ultimate motive, there was sufficient
evidence to infer that defendant had the intent to harass, annoy or alarm the victim in order to
achieve that objective (see People v
Smith, 47 Misc 3d 153[A], 2015 NY Slip Op 50816[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2015]; People v
Corona, 25 Misc 3d 129[A], 2009 NY Slip Op 52107[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2009]).
Moreover, upon the exercise of our factual review power (see CPL 470.15 [5];
People v Danielson, 9 NY3d at 348-349), while according great deference to the trier of
fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess
their credibility (see People v Lane,
7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the
weight of the evidence (see People v
Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is affirmed. 
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ.,
concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021