People v Vasquez (2022 NY Slip Op 50451(U))

[*1]

People v Vasquez (Yessenia)

2022 NY Slip Op 50451(U) [75 Misc 3d 132(A)]

Decided on May 19, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 19, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2020-1000 RO CR

The People of the State of New York,
Respondent,
against
Yessenia Vasquez, Appellant. 

Ellen O'Hara Woods, for appellant.
Rockland County District Attorney (Carrie A. Ciganek and Ranada Lewis of counsel), for
respondent.

Appeal from a judgment of the Justice Court of the Town of Stony Point, Rockland County
(Frank J. Phillips, J.), rendered February 18, 2020. The judgment convicted defendant, after a
nonjury trial, of endangering the welfare of a child and harassment in the second degree, and
imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with endangering the welfare of a child (Penal Law § 260.10
[1]) and harassment in the second degree (Penal Law § 240.26 [1]). The charges arose from
allegations that defendant, while working as a special education teacher at Stony Point
Elementary School, used her foot to lift up the head of the victim, a five-year-old female student
with Down's Syndrome, and, on other occasions, grabbed the victim's hair to lift the victim's head
up. Following a nonjury trial, defendant was convicted as charged.
Defendant's contention that the trial evidence was legally insufficient to support her
conviction is unpreserved for our review, as she failed to renew her motion for a trial order of
dismissal after presenting her own evidence (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v
Hines, 97 NY2d 56, 61 [2001]; People v Acevedo, 136 AD3d 1386, 1386 [2016]; cf. People v Finch, 23 NY3d 408,
412, 416 [2014]). In any event, viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d
107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the
evidence adduced at trial was legally sufficient to establish defendant's guilt beyond a reasonable
doubt (see People v Danielson, 9
NY3d 342, 349 [2007]).
A person is guilty of endangering the welfare of a child when "[h]e or she knowingly acts in
a manner likely to be injurious to the physical, mental or moral welfare of a child less than [*2]seventeen years old" (Penal Law § 260.10 [1]). " 'Actual harm
to the child need not result for liability under the [endangering the welfare of a child] statute to
attach' but rather the defendant must 'act in a manner which is likely to result in harm to the child,
knowing of the likelihood of such harm coming to the child' " (People v Perez, 35 NY3d 85, 96
[2020], quoting People v Simmons, 92 NY2d 829, 830 [1998]).
Here, the People introduced evidence that defendant, a trained teacher, used her foot to lift
the victim's head up on multiple occasions and also repeatedly grabbed the victim's hair to lift the
victim's head up. The Justice Court, as the factfinder, could reasonably have concluded that the
totality of defendant's conduct, directed at a five-year-old child with Down's Syndrome, who was
at a crucial stage in her intellectual and social development, would have combined to create a
likelihood of harm (see Simmons, 92 NY2d at 831). Thus, viewing the evidence in the
light most favorable to the People (see Delamota, 18 NY3d at 113; Acosta, 80
NY2d at 672), we conclude that the Justice Court, drawing upon its common human experience
and commonsense understanding of the nature of children, could reasonably conclude that
defendant knowingly engaged in conduct likely to be injurious to the victim (see
Simmons, 92 NY2d at 831).
"A person is guilty of harassment in the second degree when, with intent to harass, annoy or
alarm another person[, h]e or she strikes, shoves, kicks or otherwise subjects such other person to
physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]; see
People v Repanti, 24 NY3d 706, 710 [2015]). Such intent may—and in most instances
must—be established by inferences drawn from a defendant's conduct and the surrounding
circumstances (see People v
Rodriguez, 17 NY3d 486, 489 [2011]; People v Bracey, 41 NY2d 296, 301
[1977]; People v Collins, 178 AD2d 789, 789 [1991]).
Here, the evidence established that defendant subjected the victim to physical contact by
touching the victim's chin or head with defendant's foot and by grabbing the victim's hair. The
Justice Court was entitled to infer from defendant's conduct and the surrounding circumstances
an intent to harass, annoy or alarm the victim (see People v Gordon, 23 NY3d 643, 650 [2014]; People v Vasquez, 71 Misc 3d
127[A], 2021 NY Slip Op 50226[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021];
People v Flores, 30 Misc 3d
135[A], 2011 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2011]). While defendant argues that her intent was merely to direct the victim's attention to the
classroom activities, even assuming that this was defendant's ultimate motive, there was
sufficient evidence to infer that defendant had the intent to harass, annoy or alarm the victim in
order to achieve that objective (see People v Vasquez, 2021 NY Slip Op 50226[U]; People v Smith, 47 Misc 3d
153[A], 2015 NY Slip Op 50816[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015];
People v Corona, 25 Misc 3d
129[A], 2009 NY Slip Op 52107[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2009]).
Upon the exercise of our factual review power (see CPL 470.15 [5];
Danielson, 9 NY3d at 348-349), while according great deference to the trier of fact's
opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their
credibility (see People v Lane, 7
NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the guilty verdict was not against
the weight of the evidence (see People v
Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is affirmed. 
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 19, 2022