People v Lewis (2022 NY Slip Op 50976(U))

[*1]

People v Lewis (Alphonso)

2022 NY Slip Op 50976(U) [76 Misc 3d 137(A)]

Decided on October 6, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 6, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570172/18

The People of the State of New York,
Respondent, 
against
Alphonso Lewis, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Kate Paek, J.), rendered December 14, 2017, after a nonjury trial, convicting him
of attempted endangering the welfare of a child and harassment in the second degree, and
imposing sentence.

Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered December 14, 2017, affirmed.
Defendant's challenges to the legal sufficiency of the evidence with respect to particular
elements of the charged offenses are unpreserved for appellate review (see People v Hawkins, 11 NY3d
484, 492 [2008]), and we decline to review them in the interest of justice. In any event,
viewing the evidence in the light most favorable to the prosecution (see People v Contes,
60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt of
attempted endangering the welfare of a child (see Penal Law §§ 110.00,
260.10[1]) and harassment in the second degree (see Penal Law § 240.26[1])
beyond a reasonable doubt. The trial court, as fact finder, could reasonably conclude that
defendant school monitor - who grabbed the arm of the child victim (who was simply speaking to
his classmates when he was not supposed to), then forcefully held the child's arm with a hard,
sustained grip while pulling him to the back of the line, causing multiple bruises - was aware that
his conduct could likely result in harm to a child (see People v Zeifman, 11 AD3d 288 [2004]; People v Vasquez, 75 Misc 3d
132[A], 2022 NY Slip Op 50451[U][App Term, 2nd Dept, 9th & 10th Jud Dists 2022])
and acted with the intent to harass, annoy and alarm (see People v Correa, 75 AD3d 478, 479 [2010], lv denied
15 NY3d 892 [2010]; People v
Jackson, 66 Misc 3d 132[A], 2019 NY Slip Op 52081[U] [App Term, 1st Dept
2019]).
Nor was the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no
basis upon which to disturb the trial court's determinations concerning credibility. 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 6, 2022